REIDUN STRØMSHEIM # 104938
JOANNE LAFRENIERE # 158011
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
jlafreniere@stromsheim.com

Attorneys for Trustee,
JANINA M. ELDER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>JACQUELINE ANNE WARNER<br>SSN xxx xx 6562<br><br>　　　　Debtor<br>――――――――――――――――――――<br>JANINA M. ELDER, TRUSTEE,<br><br>　　　　Plaintiff<br><br>v.<br><br>CITIBANK, N.A.,<br><br>　　　　Defendant. | Case No. 09-33436 DMJE<br><br>Chapter 7 |

**COMPLAINT FOR ACCOUNTING AND TURNOVER,
AND FOR ATTORNEY'S FEES**

COMES NOW, Plaintiff JANINA M. ELDER trustee ("Plaintiff" or "Trustee") of the above referenced bankruptcy estate, and represents as follows:

**JURISDICTION**

1. Jurisdiction over this action exists pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409.

2. This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157.

## PRELIMINARY ALLEGATIONS

3. An Order for relief under Chapter 13 of Title 11 of the United States Code was entered herein pursuant to a voluntary petition filed by Jacqueline Anne Warner (the "Debtor") on November 4, 2009. The case was converted to chapter 7 on December 22, 2009, and Janina M. Elder is the duly appointed, qualified and acting trustee of the Debtor's estate.

4. The Trustee is informed and believes that Defendant Citibank, N.A. ("Defendant" or "Citibank") is a national banking organization, doing business in the state of California.

5. The Debtor in her bankruptcy Schedules reported about $80,000 in funds on deposit in her Citibank account.

## FIRST CLAIM FOR RELIEF
(Accounting and Turnover - 11 U.S.C. § 542)

6. Plaintiff incorporates by reference each and every allegation in the paragraphs above, as though fully set forth herein.

7. On the date of the filing of the bankruptcy petition herein, Citibank has in its possession, custody and control the Debtor's funds in an unknown amount, but reported by Debtor to be approximately $80,000.

8. The Trustee made a demand on Citibank on or about December 29, 2009 for the turnover to the Trustee of the funds, and thus the Defendant has knowledge of the commencement of the bankruptcy case, but it has failed to account for and deliver to the Trustee the funds in the approximate amount of $80,000.

9. The Trustee may use the funds pursuant to 11 U.S.C. § 363.

10. The funds are not of inconsequential value or benefit to the estate.

WHEREFORE Plaintiff seeks relief as set forth below.

## SECOND CLAIM FOR RELIEF
(Attorney Fees)

11. Plaintiff realleges paragraph 1 through 13 above, as if fully set forth herein.

12. The refusal by the Defendant to account for and turn over the funds constitutes a willful violation of the automatic stay.

13. As a result of the Defendants' unreasonable behavior, the creditors have been

injured by the need for Plaintiff to take legal action to get the funds withheld by the Defendant.

WHEREFORE Plaintiff seeks relief as follows.

### **RELIEF SOUGHT**

1.   On the First Claim for Relief, for judgment that Defendant account for all funds of the Debtor in its possession, and directing it to turn over all such the funds to the Trustee.

2.   On the Second Claim for Relief, for attorney fees according to proof.

3.   For interest at 10 % on all funds held after December 29, 2009.

4.   For costs of suit.

5.   For such other and further relief as the Court deems appropriate.

DATED: February 2, 2010.

STROMSHEIM & ASSOCIATES

By  /s/ Joanne LaFreniere
Attorneys for Plaintiff
JANINA M. ELDER, TRUSTEE